UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEATHER WALKER

    Plaintiff,                                                 CASE NO:

V

FLORIDA DEPARTMENT OF CORRECTIONS

    Defendant.

_____/

## COMPLAINT

HEATHER WALKER, by and through the undersigned counsel and files this complaint pursuant to 42 USC 1983 for violation of her civil rights to due process, equal protection under the law, and cruel and unusual punishment secured by the united states constitution of the United states and guaranteed by the fourth eight and fourteenth amendments for depriving plaintiff her rights and states :

PARTIES

1. Heather walker is a resident of Miami Dade county and otherwise sui juris

2. The Defendant state of Florida, Department of Corrections is a Department of the sovereign state subject to liability for the actions of its employees and agencies pursuant to 42 U.S.C. 1983.

3. Defendant Trevor Hampton is a citizen of Miami Dade county and otherwise sui juris. At the time of this action, he was a supervisor at the Homestead Correctional Facility clothed with authority of the state and acting under color of law. He was known to be a sexual predator and allowed unrestricted unsupervised access to female inmates.

JURISDICTION AND VENUE

4. Jurisdiction of this Court exists by virtue of claims under 42 U.S.C §1983 for violations of federal constitutional rights. Pursuant to 28 U.S.C. §1331 and §1334(a)(3) this Court has original jurisdiction over this action as it presents a "federal question".

5. Venue is proper because the actions alleged herein took place in Miami Dade county within this federal district jurisdiction.

FLORIDA DEPARTMENT OF CORRECTIONS

6. The Florida Department of Corrections (DOC) is a law enforcement. agency responsible for the custody of individuals who have violated state laws.

7. The DOC has responsibility to make sure inmates are safe and appropriately secure.

8. This responsibility has not been maintained and the prison in this

case is a sanctuary for male officers to sexually assault and rape female inmates.

9. This abuse is rampant and allowed unchecked in the prison system, with reprisals for those who dare to complain of the abuse.

10. The misconduct within the prisons was the subject of a recent Department of Justice investigation which concluded that serious constitutional violations occur to the female inmates who go unprotected by the DOC. The action of the state became a policy and custom so rampant in the state as to be deemed cruel and unusual punishment.

PRISON RAPE ELIMINATION ACT

11. The PREA was signed into law in 2003 to eliminate this problem, however, the tolerance has not been zero.

12. It is clear that female inmates are dependent upon the correctional staff for basic necessities and privileges. Sexual contact with an inmate, with or without consent, is abuse.

HOMESTEAD CORRECTIONAL INSTITUTE

13. Homestead prison is located in south Miami Dade county and houses men and women.

14. The prison employs correction officers and staff to manage and

oversee the facility. The corrections officers are managed trained, overseen, and paid by the state of Florida. The Florida Department of Law enforcement authorizes the officers' service.

15. The corrections officers are state employees who subject the state of Florida to liability for improper acts occurring within the course and scope of their employment.

16. The prison had a duty to protect inmates such as plaintiff from sexual assaults at the hands of officers.

17. The prison knew that the inmates were at substantial risk of harm due to officer misconduct and sexual harassment.

18. In spite of this knowledge the prison was indifferent to the risk, and plaintiff would have not been sexually assaulted had the prison not been deliberately indifferent.

19. The prison knew that the correction officers, including Hampton were sexually abusing female inmates, and that women would not come forward due to the retaliation visited upon them in terms of loss of privileges and necessities.

20. On or about second week of May 2017 Sgt. Trevor Hampton came to the plaintiff's cell and fondled her breast. He then asked if he could taste her and inserted his finger into her vagina.

21. Then he instructed her to go to the utility room and meet him there. Plaintiff complied out of fear.

22. In the utility room the Sargent demanded oral sex which the plaintiff complied. He then demanded she turn around and he removed her panties.

23. The Sargent then commenced to insert his erect penis into her vagina until he ejaculated on her buttocks.

24. The next day he brought her a pack of Newport's and a lighter. The plaintiff dropped the lighter and was given a disciplinary action report.

25. For this she was punished and placed in solitary confinement.

26. Hampton's had a history of sexually harassing and abusing female inmates which was known at the Homestead Correctional Institute.

27. Another inmate was jealous of the attention plaintiff received from Hampton as she was also his sexual object. The women had an altercation about the sergeant's affections.

28. The prison investigated her complaint and took statements from the Sargent. He admitted he took her to the utility room but denied he had intercourse. He explains he was just doing a contraband search.

29. The sergeant was arrested and fired from his job with the department of corrections.

30. As a result of this sexual abuse and trauma Walker has suffered

extensive psychological trauma, depression pain and suffering, and is in constant fear of being trapped by another abusive man.

### COUNT 1 - NEGLIGENCE

31. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-30 of this compliant for damages as it fully set forth herein.

32. The defendant Homestead CI had a duty to ensure that inmates serve their time in a safe and secure environment.

33. The defendant breached their duty to plaintiff by negligently hiring, training, supervising, disciplining, reporting offending officers while plaintiff was incarcerated.

34. The defendant breached their duty by allowing officers to have unsupervised one on one access to the plaintiff despite knowledge of the officers past sexual abuse and harassment of inmates.

35. The defendant breached their duty by creating an atmosphere where victims of sexual abuse are punished for reporting sexual misconduct of staff and denied privileges to which prisoners are usually entitled.

36. The defendant failed to provide a zero-tolerance policy, permitting improper pat downs, failing to protect inmates from retaliation, and failing to discipline staff for sexual misconduct.

37. The defendant knew they failed to adequately train and supervise

their officers about the rights of inmates to be free from sexual harassment.

38. The defendant knew the officers would have opportunity and temptation for sexual harassment.

39. As a direct and proximate cause of the negligence of the defendant the plaintiff has suffered psychological trauma, emotional distress, depression, physical trauma, pain, and suffering.

### **COUNT II - ASSAULT AND BATTERY**

40. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-30 of this compliant for damages as it fully set forth herein.

41. The defendant officers acted in the course and scope of their employment engaged in assault and battery of plaintiff through unwanted touching, nonconsensual sexual abuse.

42. The defendant officers threatened to inflict injury upon inmates through unwanted sexual abuse and harassment.

43. The defendant officers were capable of fulfilling their threats as they were in positions of power and authority over the plaintiff.

44. The defendant officers intentionally inflicted injury to plaintiff through unwanted nonconsensual sexual harassment.

45. As a direct and proximate cause of the assault and battery of the

defendant the plaintiff has suffered psychological trauma, emotional distress, depression, physical trauma, pain, and suffering.

### COUNT III - FALSE IMPRISONMENT

46. Plaintiff incorporates by reference the allegations set forth in the paragraphs 1-30 of this compliant for damages as it fully set forth herein.

47. The defendant officer engaged in false imprisonment of the plaintiff through unwanted nonconsensual sexual contact and harassment.

48. The defendant officers unlawfully detained and deprived the plaintiff of her liberty against her will. Said detainment was without lawful authority and done for the purpose of sexually harassing the plaintiff.

49. As a direct and proximate cause of the false imprisonment of the defendant the plaintiff has suffered psychological trauma, emotional distress, depression, physical trauma, pain, and suffering.

### COUNT IV - INTENTIONAL INFLICTION EMOTION DISTRESS

50. Plaintiff incorporates by reference the allegations set forth in the paragraphs 1-30 of this compliant for damages as it fully set forth herein.

51. The defendant officers acting in the course and scope of their employment engaged in the intentional infliction of emotional distress of plaintiff through unwanted nonconsensual sexual abuse and harassment.

52. The defendant officer's conduct was intentional and reckless with the

knowledge that emotional distress would likely result. Said conduct was outrageous and went beyond the bounds of decency to be tolerated in civil society.

53. The direct and proximate result of said conduct caused severe damaging emotional distress to plaintiff.

54. As a direct and proximate cause of the intentional infliction of emotional distress the plaintiff has suffered psychological trauma, emotional distress, depression, physical trauma, pain, and suffering.

### COUNT V – VIOLATION OF CONSTITUTIONAL RIGHTS

55. Plaintiff realleges and reaffirms each allegation contained in paragraphs 1-54 as though fully set forth herein.

56. This is a cause of action pursuant to 42 U.S.C. §1983.

57. The Defendant, through the actions of its Sgt Hampton violated and deprived the Plaintiff of her constitutional rights. Specifically, the Defendant violated the Plaintiff's right pursuant to the Eight Amendment of the Constitution of the United States to be free from cruel and unusual punishment, the Plaintiff's right to be free from sexual harassment and assault and intimidation as provided by the Constitution of the United States.

58. As a direct and proximate result of the foregoing acts of the

Defendant, the Plaintiff has and will continue to suffer great mental anguish.

WHEREFORE, Plaintiff prays for judgment against Defendant for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and such and other relief the court deems mete and just and demands a trial by jury of all issues so triable.

DATED JANUARY 27, 2021

/s/ William C. Robinson
WILLIAM C. ROBINSON, ESQ
Florida Bar No: 386847
Attorney for Plaintiff
P. O. Box 610575
North Miami, FL 33261
Tel: 305-454-9632
Fax: 786-520-3972
E-mail: wcrpleadings@gmail.com